PHILLIP A. TALBERT
Acting United States Attorney
DAVID W. SPENCER
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:21-CR-00033-WBS |
|---|---|
| Plaintiff, | **STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER** |
| v. | |
| ASSADULLA MOHAMMED KHALIQDAD, | DATE: May 3, 2021 |
| Defendant. | TIME: 9:00 a.m. |
| | COURT: Hon. William B. Shubb |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status on May 3, 2021.

2. By this stipulation, defendant now moves to continue the status conference until **August 16, 2021**, **at 9:00 a.m.**, and to exclude time between May 3, 2021, and August 16, 2021, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

   a) The government has represented that the discovery associated with this case includes approximately 62 pages of investigative reports, criminal history information, search warrant materials, and other documents. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

b) The parties have also coordinated regarding the format and logistics for the government's production to defense counsel of large discovery files containing cell phone downloads and body camera and in-car camera footage. The government will be providing those materials to defense counsel soon.

c) Counsel for defendant desires additional time to review the discovery, to consult with his client, to conduct investigation, and to otherwise prepare for trial.

d) Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

e) The government does not object to the continuance.

f) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

g) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of May 3, 2021 to August 16, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: April 26, 2021    PHILLIP A. TALBERT
                         Acting United States Attorney

                         /s/ DAVID W. SPENCER

<pre>
                                        DAVID W. SPENCER
                                        Assistant United States Attorney


Dated:  April 26, 2021                  /s/ John R. Manning
                                        John R. Manning
                                        Counsel for Defendant
                                        ASSADULLA MOHAMMED
                                        KHALIQDAD
</pre>

**FINDINGS AND ORDER**

IT IS SO FOUND AND ORDERED.

Dated:  April 27, 2021

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE